UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                       Case No. 16-CR-20677-5
                                                                                                     Honorable Thomas L. Ludington

JAVON MALIK PRATT,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On December 21, 2016, Defendant Javon Malik Pratt pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 111. He was sentenced to 70 months imprisonment. ECF No. 171 at PageID.906. Defendant is currently housed at Federal Correctional Institution, Morgantown ("FCI Morgantown"), in Morgantown, West Virginia.

On August 10, 2020, Defendant moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic and his health condition. ECF No. 725. The Government filed a response brief on August 31. ECF No. 727. The Government later filed Defendant's medical and institutional records under seal. ECF No. 729. As of October 20, 2020, Defendant has failed to file a reply brief. For the reasons stated below, Defendant's motion for compassionate release will be denied.

**I.**

Defendant seeks a reduction of his sentence or a transfer to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A).[1] The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

---

[1] To the extent Defendant seeks a transfer to home confinement, "[d]esignation of an inmate's place of confinement, including placement in home confinement [under section 12003(b)(2) of the CARES Act], rests within the absolute discretion of the BOP." *United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *6 (E.D. Mich. July 17, 2020) (internal quotation marks omitted). As a result, "the district court has no authority to grant relief under section 12003(b)(2)." *Id.*

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On June 19, 2020, Defendant sent a written request for compassionate release to Warden F. J. Bowers. ECF No. 725 at PageID.5498. Defendant's request was denied on July 7, 2020. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is for one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Drug-related offenses are serious, and Defendant's drug-related offense is no different.

Defendant's conviction stems from his role in a gang-related conspiracy to distribute cocaine and heroin throughout the Saginaw, Michigan area. The seriousness of the offense and the necessity of deterrence undermine the notion that Defendant should be released while a substantial portion of his 70-month sentence remains. Furthermore, as explained in Section I.C.2. below, the underlying offense and Defendant's institutional record indicate that his early release might endanger the community. Accordingly, under the 18 U.S.C. § 3553 factors, Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction;…
> >
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant has failed to demonstrate both an extraordinary and compelling reason for release and that he would not pose a danger to others or the community if released.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other

> than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant is a 23-year-old male who suffers from asthma. ECF No. 729-3 at PageID.5595. Defendant argues that the threat of COVID-19 in prisons, coupled with his particular vulnerability as an asthmatic, constitutes an extraordinary and compelling reason for release. ECF No. 725 at PageID.5492–95. Defendant's argument is unpersuasive.

Subsection (A) requires that Defendant suffer from either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13. Contrary to Defendant's suggestion, the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Similarly, Defendant's asthma, even in combination with the risk of COVID-19, does not qualify as a "terminal illness" or "serious physical or medical condition." While asthma is undoubtedly a risk factor for COVID-19, BOP medical records show that Defendant's asthma is "stable" and "controlled," with "mostly exercise induced symptoms." ECF No. 729-2 at Page ID.5532; ECF No. 729-3 at PageID.5595. His asthma is also managed by an albuterol inhaler. *Id.* at PageID.5596. "Without satisfactory evidence that Defendant's asthma is moderate to severe, and without additional risk factors, the Court cannot conclude that Defendant's conditions of confinement currently expose him to a risk of a dire outcome from COVID-19." *United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *4 (E.D. Mich. May 29, 2020).

Defendant also criticizes FCI Morgantown's handling of the pandemic. ECF No. 725 at PageID.5493–94. Of course, every BOP facility should adhere to CDC guidelines when possible

to ensure the safety of inmates and staff. Without minimizing Defendant's concerns, however, FCI Morgantown is currently reporting only one active COVID-19 infection. COVID-19, Bureau of Prisons, https://www.bop.gov/coronavirus/ [https://perma.cc/NQP8-W8A5] (last visited Oct. 29, 2020). Additionally, Defendant has not alleged that FCI Morgantown has rendered inadequate medical care previously. Defendant has, at most, alleged a generalized risk of developing serious COVID-19 symptoms, which is insufficient for compassionate release. *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) ("[A] generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release."). Accordingly, Defendant's circumstance does not satisfy subsection (A).

The other subsections provided in the policy statement commentary are clearly inapplicable. Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because he is only 23 years old. Additionally, he does not qualify under subsection (C) because has not alleged the death or incapacitation of a spouse or caregiver of his minor children. Accordingly, Defendant has failed to demonstrate an extraordinary and compelling reason for release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

>> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). These factors support the conclusion that Defendant would be a danger to others or the community if released. "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

Defendant's underlying conviction stems from his involvement in a drug trafficking conspiracy operated by the "Sunnyside Gang," a street gang in Saginaw, Michigan. The conspiracy was responsible for distributing substantial quantities of cocaine and heroin in and around Saginaw. The drugs were sometimes laced with fentanyl, a potent synthetic opioid that has contributed to the increasing number of opioid-related overdose deaths. Fentanyl, CDC, https://www.cdc.gov/drugoverdose/opioids/fentanyl.html [https://perma.cc/SD57-KJ9D] (last visited Oct. 29, 2020). Defendant was a street-level distributor and made roughly $800 per week selling cocaine and heroin. Defendant's involvement in a serious drug operation raises concerns that his early release would lead to further criminal activity. These concerns are strengthened by

Defendant's history of drug addiction and his unsuccessful discharge from RDAP (Residential Drug Abuse Program).[2] ECF No. 729-1 at PageID.5530–31. Moreover, Defendant's reentry plan—to return to Saginaw and reside with family—proposes essentially identical living conditions to those that preceded his involvement with the Sunnyside Gang. ECF No. 725 at PageID.5496, 5500. Accordingly, Defendant has failed to show that his early release would not pose a danger to others or the community.

## II.

Accordingly, it is **ORDERED** that Defendant Javon Malik Pratt's Motion for Compassionate Release, ECF No. 725, is **DENIED WITH PREJUDICE**.

Dated: October 30, 2020                                   s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Javon Malik Pratt** #54967-039, MORGANTOWN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MORGANTOWN, WV 26507 by first class U.S. mail on October 30, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager

---

[2] According to his psychological provider, Defendant was discharged from RDAP, despite 10 months of prior programming, for repeated instances of "dishonesty, evasion of responsibility, and unwillingness to engage peers." ECF No. 729-1 at PageID.5531.