UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 16-CR-20677-5
                                                      Honorable Thomas L. Ludington

JAVON MALIK PRATT,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On December 21, 2016, Defendant Javon Malik Pratt pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 111. He was sentenced to 70 months imprisonment. ECF No. 171. He is currently housed at Federal Correctional Institution, Morgantown ("FCI Morgantown") in West Virginia.

On August 10, 2020, Defendant moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic and his health condition. ECF No. 725. Defendant's Motion for Compassionate Release was denied on the merits on October 30, 2020. ECF No. 741. On December 3, 2020, Defendant sent a letter asking this Court to "take [its] prior decision into reconsideration." ECF No. 749 at PageID.5917. The letter is construed as a motion for reconsideration under Local Rule 7.1(h). For reasons discussed below, Defendant's Motion for Reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable

defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

## II.

Before addressing the merits of Defendant's Motion, a jurisdictional matter must be addressed. Shortly after filing the instant Motion for Reconsideration, Defendant filed a notice of appeal regarding the order denying compassionate release. ECF No. 751. "Filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *United States v. Walls*, 455 F. Supp. 3d 461, 463 (E.D. Mich. 2020) (citing *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995)). Indeed, "[t]he presence of two pending proceedings on the same issue (the length of the defendant's sentence) risks inconsistent rulings from this Court and the Sixth Circuit on that issue." *Id.* at 464.

Nonetheless, Defendant's Motion for Reconsideration may be denied pursuant to Federal Rule of Criminal Procedure 37, which states, "If a timely motion is made for relief that the court

lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . deny the motion . . . ." *See United States v. Traylor*, No. 16-20437, 2020 WL 5405866, at \*2 (E.D. Mich. Sept. 9, 2020) (denying compassionate release under Rule 37 despite pending appeal); *accord Martin*, 2020 WL 1819961, at \*2. Accordingly, for the reasons stated below, Defendant's Motion for Reconsideration will be denied despite the pending appeal.

### III.

There have been two significant developments since Defendant's Motion for Compassionate Release was denied. First, there is now a COVID-19 outbreak at FCI Morgantown. Eighty-four inmates and six staff members are reporting active infections. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/HQ3Q-ZPQM] (last visited Jan. 28, 2021). Second, the Sixth Circuit decisions in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), and *United States v. Elias*, No. 20-3654, 2021 WL 50169 (6th Cir. Jan. 6, 2021), have transformed how courts of this circuit decide compassionate release. In sum, district courts are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." *See Elias*, 2021 WL 50169, at \*2. District courts now have the "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

The question is whether these developments alter the outcome of Defendant's Motion for Compassionate Release. They do not. Even with the wider discretion afforded by *Jones* and *Elias*, Defendant lacks an extraordinary and compelling reason for release. While Defendant suffers from asthma, there is no indication that his asthma is "moderate" or "severe"—the type of asthma that the CDC warns may increase the risk of complications from COVID-19. *See* ECF No. 741 at

PageID.5878 (discussing Defendant's medical history); *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/SFP9-VWGM] (last visited Jan. 28, 2021). Other than his asthma, Defendant appears to be a healthy 23-year-old man. Because Defendant lacks an underlying risk factor for COVID-19, the outbreak at FCI Morgantown, while significant, does not constitute an extraordinary and compelling reason for release. *C.f. Elias*, 2021 WL 50169, at *3–4 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

Based on the foregoing, Defendant does not have an extraordinary and compelling reason for release, even with the recent outbreak at FCI Morgantown and developments in the governing case law. Therefore, his Motion for Reconsideration will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant Javon Malik Pratt's Motion for Reconsideration, ECF No. 749, is **DENIED**.

Dated: January 28, 2021            s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Javon Malik Pratt** #54967-039, MORGANTOWN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MORGANTOWN, WV 26507 by first class U.S. mail on January 28, 2021.

                      s/Kelly Winslow
                      KELLY WINSLOW, Case Manager